IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Greta Anthony | ) | |
| | ) | Case No. 25-cv-6649 |
| v. | ) | |
| | ) | Judge: Hon. Manish S. Shah |
| THE PARTNERSHIPS and | ) | |
| UNINCORPORATED ASSOCIATIONS | ) | Magistrate: Hon. Jeannice W. Appenteng |
| IDENTIFIED ON SCHEDULE "A" | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT**

Plaintiff Anthony, submits the following memorandum in support of their Motion for Entry of Default and Default Judgment under Fed. R. Civ. P. 55 against the Defendant Does, as identified on Schedule A of the Complaint (collectively, the "Defendants"), who have not been dismissed, in their action for trademark infringement, counterfeiting, false designation of origin, and violation of the Illinois Uniform Deceptive Trade Practices Act.

**STATEMENT OF FACTS**

Plaintiff, Greta Anthony, is the owner of the federal copyright registrations that protect the creative content of Plaintiff's artwork. Plaintiff, Anthony, an artist based in Oregon, is in the business of developing, marketing, selling and distributing their artwork in a variety of media. Plaintiff's work sculpture and the macabre to create compelling works of art. Anthony is the owner of Copyright Registration No(s). VA 2-442-194, VA 2-442-197, VA 2-442-198, VA 2-442-200, VA 2-442-202, VA 2-442-204, and 2-442-195 ("Anthony Works"). See Declaration of Anthony at ¶ 5. True and correct copies of the federal copyright registration certificates for the Anthony Works are attached to the Complaint as Exhibit 1.

Plaintiff has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Anthony Works. Anthony Decl. at ¶ 7. Thus, the Anthony Products and Works are widely recognized and exclusively associated by consumers, the public, and the trade as being associated with and authorized by Anthony. Id.

The success of the Anthony Works is due in large part to Plaintiff's marketing, promotional, and distribution efforts. As a result of Anthony's efforts, the quality of Plaintiff's Anthony Products, the promotional efforts for Plaintiff's products and designs, press and media coverage, and social media coverage, members of the public have become familiar with the Anthony Works and associate them exclusively with Anthony. Anthony has made efforts to protect their interests in and to the Anthony Works. Id. at ¶¶ 8-9. No one other than Anthony and Plaintiff's licensees are authorized to manufacture, import, export, advertise, create derivative works, offer for sale, or sell any goods utilizing the Anthony Works without the express written permission of Anthony. Id.

On information and belief, the Defendants create numerous Defendant Internet Stores and design them to appear to be selling genuine Plaintiff products, while selling inferior imitations of Plaintiff's products. Id. The Defendant Internet Stores share unique identifiers, such as design elements and similarities of the infringing products offered for sale, establishing a logical relationship between them and suggesting that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences. Id. at ¶¶ 12. Defaulting Defendants conduct business throughout the United States, including within the State of Illinois and this judicial district, through the operation of the fully interactive commercial websites and online marketplaces operating under the Defendant online marketplace accounts (collectively, the "Defendant Internet Stores") identified in First Amended Schedule A. Id. at ¶ 12. Additional

factual assertions applicable to Defaulting Defendants are found in Paragraphs 19-26 of the Complaint are incorporated herein.

Plaintiff filed this action on June 17, 2025, alleging Copyright Infringement, and seeks statutory damages and injunctive relief. This Court granted Plaintiff's Ex Parte Motion for Entry of a Temporary Restraining Order (the "TRO") on July 14, 2025. The Defendants were served via Electronic Mail to the addresses provided by the ecommerce platforms on August 8, 2025. None of the Defaulting Defendants have entered an appearance or otherwise defended this action. See Declaration of David Gulbransen (the "Gulbransen Declaration") at ¶ 2.

Pursuant to Federal Rule of Civil Procedure 55(a) and (b)(2), Plaintiff now moves this Court for an Order entering default and default judgment finding that Defaulting Defendants are liable on Count I of Plaintiff's Complaint. Fed. R. Civ. P. 55(a) and (b)(2). Plaintiff further seeks an award of statutory damages as authorized by 17 U.S.C. §504(c)(2) for willful copyright infringement. Plaintiff also seeks entry of a permanent injunction prohibiting Defaulting Defendants from selling Infringing Products, and that all assets in Defaulting Defendants' financial accounts operated by or associated with the ecommerce platforms, as well as any newly discovered assets, be transferred to Plaintiff..

## ARGUMENT

### I. Jurisdiction and Venue Are Proper in This Court

This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Federal Copyright Act, 17 U.S.C. § 101, et seq., 28 U.S.C. § 1338(a)–(b) and 28 U.S.C. § 1331. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in Illinois and causes harm to Plaintiff's

3

business within this judicial district. *See* Complaint, at ¶¶ 2-3; Elliot Decl. ¶ 9; *uBID, Inc. v. GoDaddy Grp., Inc*. 623 F.3d 421, 423-24 (7th Cir. 2010) (without benefit of an evidentiary hearing, plaintiff bears only the burden of making a prima facie case for personal jurisdiction; all of plaintiff's asserted facts should be accepted as true and any factual determinations should be resolved in its favor).

Through at least the fully interactive commercial internet websites and online marketplace accounts operating under the Defendant Internet Stores, each of the Defaulting Defendants has targeted sales from Illinois residents by operating websites and/or online marketplace accounts that offer shipping to the United States, including Illinois and, on information and belief, has sold Infringing Products to residents within the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, has sold products bearing infringing versions of Plaintiff's federally registered copyrights to residents of Illinois. As such, personal jurisdiction is proper since each of the Defaulting Defendants is committing tortious acts in Illinois, is engaging in interstate commerce and has wrongfully caused Plaintiff substantial injury in the State of Illinois. *See, e.g., NBA Properties, Inc. v. HANWJH,* No. 21-2909, 2022 WL 3367823, at *7 (7th Cir. Aug. 16, 2022) (concluding that personal jurisdiction is proper when a defendant purposefully directs its actions to Illinois via third-party online retailers); *see also, e.g., Jeff Bartels v. The Partnerships and Unincorporated Associations Identified on Schedule "A", No. 23-cv-00444 (N.D. Ill. Mar. 13, 2023); Cecilia Granata v. The Partnerships and Unincorporated Associations Identified on Schedule "A", No. 23-cv-02076 (N.D. Ill. June 7, 2023).*

### II. Plaintiff Has Met the Requirements for Entry of Default

4

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). On June 17, 2025, Anthony filed its Complaint alleging federal copyright infringement (Count I). Docket Entry1.

The Defendants were properly served on August 8, 2025. (Docket Entry 26). Despite having been served with process, the Defendants have ignored these proceedings and failed to plead or otherwise defend this action. (Gulbransen Declaration at ¶ 2). Upon information and belief, Defendants are not active-duty members of the U.S. armed forces. (Id. at ¶ 3). Accordingly, Anthony asks for entry of default against Defendants.

### III. Plaintiff Has Met the Requirements for Entry of Default Judgment

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides for a court-ordered default judgment. A default judgment establishes, as a matter of law, that Defendants are liable to Plaintiff on each cause of action alleged in the complaint. *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989). When the Court determines that a defendant is in default, the factual allegations of the Complaint are taken as true and may not be challenged, and the defendants are liable as a matter of law as to each cause of action alleged in the complaint. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994).

As noted above, Anthony served Defendants on SERVICE_DATE. More than 21 days have passed since Defendants were served, and no answer or other responsive pleading has been filed. *See* Fed. R. Civ. P. 12(a)(1)(A). Accordingly, default judgment is appropriate, and consistent with previous similar cases in front of this Court, Plaintiff requests an award of

statutory damages as authorized by 17 U.S.C. §504(c)(2) for willful copyright infringement. Plaintiff also seeks entry of a permanent injunction prohibiting Defaulting Defendants from selling Infringing Products, and an order that all assets in Defaulting Defendants' financial accounts operated by Amazon, as well as any newly identified accounts be transferred to Plaintiff.

### A. Copyright Infringement

To properly plead a claim of copyright infringement under 17 U.S.C. § 501, a plaintiff must prove two elements: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *JCW Investments, Inc. v. Novelty, Inc.*, 482 F.3d 910, 914 (7th Cir. 2007). Moreover, copyright protection extends to works derived from the original work since Section 101 of the Copyright Act defines a "derivative work" as "a work based upon one or more preexisting works, such as a translation, musical arrangement, dramatization, fictionalization . . ., or any other form in which a work may be recast, transformed, or adapted." 17 U.S.C. § 101.

Here, Greta Anthony owns the registered copyrights in the Anthony Works. Complaint, Ex 1. Anthony alleged in the Complaint that the Anthony Works have been infringed. *Id*. at ¶¶ 26-32. Since the Defaulting Defendants have failed to respond or otherwise plead in this matter, the Court must accept the allegations contained in Plaintiff's Complaint as true. *See* Fed. R. Civ. P. 8(b)(6); *Am. Taxi Dispatch, Inc., v. Am. Metro Taxi & Limo Co.,* 582 F. Supp. 2d 999, 1004 (N.D. Ill. 2008). Accordingly, Anthony requests entry of judgment with respect to Count I for willful copyright infringement against the Defaulting Defendants.

### IV. PLAINTIFF IS ENTITED TO MONETARY AND INJUNCTIVE RELIEFT

### A. Statutory Damages Are Appropriate in this Case

Pursuant to the statutory damages provision of the Copyright Act, 17 U.S.C. § 504(c)(1), a plaintiff in a case involving the use of a copyright infringement may elect to receive "not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). When the copyright infringement is found to be willful, 17 U.S.C. § 504(c)(2) provides for statutory damages "to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2).

The Seventh Circuit's standard for awarding statutory damages for copyright infringement under 17 U.S.C § 504(c) is articulated in *Chi-Boy Music v. Charlie Club*, 930 F.2d 1224, 1229 (7th Cir. 1991). Further, in the Seventh Circuit, infringing conduct is willful where the defendant knows that his conduct constitutes infringement or where he shows reckless disregard of the copyright owner's rights. *See Wildlife Express Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 511 (7th Cir. 1994). As such, knowledge need not be proven directly, but can be inferred from a defendant's conduct. *In re Aimster Copyright Litigation*, 334 F.3d 643, 650 (7th Cir. 2003) (Finding that "[w]illful blindness is knowledge, in copyright law").

Here, Defendants had knowledge that their activities constituted infringement or at least a reckless disregard of Plaintiff's rights in the Anthony Works because Defendants are intentionally coupling the Infringing Anthony Products with goods derived from images in Plaintiff's copyrighted works. Thus, Plaintiff's request for a statutory damages award of fifty thousand dollars ($50,000) per Defaulting Defendant for willful copyright infringement of the Anthony Works is appropriate. *See*, e.g., *Jeff Bartels v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 23-cv-00444 (N.D. Ill. Mar. 13, 2023); *Cecilia Granata v. The Partnerships and Unincorporated Associations Identified on Schedule "A",* No. 23-cv-02076 (N.D. Ill. June 7, 2023).

7

The USPTO's Office of Policy and International Affairs and the National Telecommunications and Information Administration ("NTIA") together working as part of the Department of Commerce's Internet Policy Task Force conducted a review of the relationship between the availability and protection of online copyrighted works and innovation in the Internet economy. The Internet Policy Task Force's White Paper on Remixes, First Sale, and Statutory Damages (White Paper) was published on January 28, 2016, (*See*, Exhibit 1), which recognizes in copyright law that reduced damages may be warranted to avoid impeding new creative works, e.g., remixes -- works created through changing and combining existing works to produce something new and creative -- as part of a trend of user generated content. *Id*. at 98. However, in cases of willful infringement, such as before this Court, the same report finds that high statutory damages are warranted since "[t]hese circumstances present the clearest need for deterrence and punishment. *Id.* at 99. Moreover, regarding straight-out counterfeiting where impeding creativity is not a concern, The Office of the U. S. Trade Representative issued findings of the Special 301 Out-of-Cycle Review of Notorious Markets for 2015, December 2015 (*See*, Exhibit 2), highlighted disturbing trends in the marketing and distribution of counterfeit goods online, with escalating levels of counterfeit sales online including an increase in the services that support such operations.

Accordingly, a significant consideration should be whether infringing sales were made over the internet, the rationale being that sales over the Internet increases the amount of an award because use of the Internet made the infringement widely available. A finding of willful infringement is warranted along with an award of one hundred thousand dollars ($100,000) in statutory damages. *See, e.g., Jeff Bartels v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 23-cv-00444 (N.D. Ill. Mar. 13, 2023); *Cecilia Granata v. The*

8

*Partnerships and Unincorporated Associations Identified on Schedule "A", No. 23-cv-02076 (N.D. Ill. June 7, 2023).*

### D. Plaintiff is Entitled to Permanent Injunctive Relief

In addition to the foregoing relief, Plaintiff respectfully requests entry of a permanent injunction enjoining Defaulting Defendants from infringing or otherwise violating Plaintiff's Anthony Works, including at least all injunctive relief previously awarded by this Court to Plaintiff in the TRO and Preliminary Injunction. Plaintiff is also entitled to injunctive relief so Plaintiff can take action against any new websites and online marketplace accounts that are identified, and found to be linked to Defaulting Defendants, and selling infringing Anthony Products. *See*, e.g., *Jeff Bartels v. The Partnerships and Unincorporated Associations Identified on Schedule "A",* No. 23-cv-00444 (N.D. Ill. Mar. 13, 2023); *Cecilia Granata v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 23-cv-02076 (N.D. Ill. June 7, 2023).

### CONCLUSION

Plaintiff respectfully requests that the Court enter default and default judgment against each Defaulting Defendant, award statutory damages in the amount of fifty thousand dollars ($50,000) per Defaulting Defendant pursuant to 17 U.S.C. § 504(c)(2) and enter a permanent injunction order prohibiting Defaulting Defendants from selling Infringing Anthony Products and transferring all assets in Defaulting Defendants' financial accounts operated by Amazon to Plaintiff.

Dated: October 21, 2025                  Respectfully submitted,

By:     s/David Gulbransen/

David Gulbransen
Attorney of Record

David Gulbransen (#6296646)
Law Office of David Gulbransen
805 Lake Street, Suite 172
Oak Park, IL 60302
(312) 361-0825 p.
(312) 873-4377 f.
david@gulbransenlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2025, the PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT and MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT was filed with the CM/ECF system. The Defendant's will also be provided notice on October 21, 2025, via e-mail to the e-mail addresses the address supplied by the Defendants to their respective webstore hosts and via their webstores per the terms of the TRO.

By:   s/David Gulbransen/
David Gulbransen
Attorney of Record

David Gulbransen (#6296646)
Law Office of David Gulbransen
805 Lake Street, Suite 172
Oak Park, IL 60302
(312) 361-0825 p.
(312) 873-4377 f.
david@gulbransenlaw.com